## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK OKEY,** | : | **CIVIL NO. 1:CV-14-1203** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **CPT DANIEL STREBIG, et al.,** | : | |
| **Defendants** | : | |

## <u>M E M O R A N D U M</u>

Plaintiff Patrick Okey, an inmate currently incarcerated at the Erie County Prison in Erie, Pennsylvania, commenced this civil rights action with a complaint filed on June 23, 2014, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) In the complaint, Plaintiff alleges Eighth Amendment violations arising from an inmate assault occurring on May 26, 2010, while he was incarcerated at the York County Prison in York, Pennsylvania. Specifically, he alleges that four inmates assaulted him at the behest of Defendant Captain Strebig, resulting in injuries. (*Id.* ¶ 7.) Plaintiff further claims that he was subsequently placed in segregation "for years," where he suffered pain and anguish. (*Id.* ¶¶ 12, 13.) He avers that he wrote grievances to Defendant Warden Doll about his continued confinement in segregation, but the Warden "did nothing." (*Id.* ¶ 14.) Plaintiff seeks monetary and declaratory relief.

Defendants Doll and Strebig have filed a motion to dismiss the complaint, arguing that the complaint fails to state a claim and is barred by, *inter alia*, claim preclusion, also known as *res judicata*. (Doc. 24.) For the reasons set forth below, the court will grant the motion to dismiss on the basis that Plaintiff is barred by *res judicata* from relitigating his claims against Defendants Doll and Strebig.

I.   **Background**

In the complaint, Plaintiff provides the following factual background with respect to his claims. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

On May 26, 2010, Plaintiff was physically assaulted by four inmates while housed in York County Prison. (Doc. 1 ¶ 7.) One of the four inmates informed Plaintiff that Captain Strebig had told them about Plaintiff's criminal charges and, therefore, they were acting "at his behest." (*Id.*) As a result of the assault, Plaintiff was taken to York Hospital's emergency room to be treated for a number of physical injuries. (*Id.* ¶¶ 8, 9.)

After the assault, Plaintiff was placed in segregation "for years," or a total of 876 days, despite violating no prison rule or policy. (*Id.* ¶¶ 12, 14.) His initial grievances regarding the pain and anguish he suffered while in this confinement were denied, and his appeals to Warden Doll went unanswered. (*Id.* ¶¶ 13-16.)

In addition to the facts alleged in the complaint filed in the instant case, the court takes judicial notice of the following. On April 3, 2012, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations against Warden Doll and Captain Strebig, the same Defendants named in the instant case. *(See Okey v. Strebig, et al.*, Civ. No. 1:12-CV-00609 (M.D. Pa.).) After directing Plaintiff to file an amended complaint, (*see id.*, Doc. 10), the court granted in part and denied in part a motion to dismiss a second amended complaint filed, (*see id.*, Doc. 18). Specifically, the court dismissed the claim against Warden Doll regarding the grievance procedure and a failure to intervene claim against Defendant Strebig, but permitted Plaintiff to file a third amended complaint in order to assert an Eighth Amendment failure to protect claim against Captain Strebig. (*See id.*) Plaintiff failed to file a third amended complaint within the time period established by the court. As a result, by order dated December 19, 2012, the court dismissed the failure to protect claim against Captain Strebig and closed the case. (*See id.*, Doc. 21.) Plaintiff filed a motion for

reconsideration, which was denied. (*See id.*, Docs. 23, 32.) He then appealed to the United States Court of Appeals for the Third Circuit. (*See id.*, Doc. 34.) In a judgment dated July 23, 2013, the Third Circuit affirmed the dismissal of the case by this court. *See Okey v. Strebig, et al.*, No. 13-2016 (3d Cir.). More specifically, as to an Eighth Amendment claim for failure to protect an inmate, the Third Circuit found that "the amended complaint does not allege or allow for the reasonable inference that Strebig subjectively knew of any substantial risk of harm Okey might face from these inmates once they were told of Okey's criminal charges." *See id.*, Judgment, July 23, 2013, at 4. The Court also found that Plaintiff's failure to intervene claim failed "because the amended complaint does not allege that Strebig failed or refused to intervene during the assault when there was a realistic and reasonable opportunity to do so." *Id.* Finally, the Court affirmed this court's decision as to Plaintiff's claims regarding his placement in segregation and his interaction with the prison grievance system. *Id.* at 4-6.

On June 23, 2014, Plaintiff filed the instant action based on the same set of facts as his 2012 complaint. (Doc. 1.) By order dated July 9, 2014, the court directed service of the complaint. (Doc. 13.) On September 8, 2014, Defendants Doll and Strebig filed a motion to dismiss the complaint. (Doc. 18.) A brief in support

4

followed on September 16, 2014. (Doc. 21.) Plaintiff filed several briefs in opposition. (Docs. 25, 26, 31.) Defendants have not filed a reply brief. Thus, the motion to dismiss is ripe for disposition.

## II.    Standard of Review

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case[, because] some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* In such a case, a defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations contained therein, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

6

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment" (internal quotation omitted)). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III. Discussion

From a review of Plaintiff's complaints filed in both cases referenced herein, it appears that he has raised the same claims against Defendants Doll and Strebig as he raised in his 2012 complaint and amended complaint. In such situations, the court is

authorized to apply the doctrine of claim preclusion or *res judicata*. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (applying doctrine of *res judicata* to *pro se* prisoner-plaintiff civil case *sua sponte*).

The doctrine of *res judicata* "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). *Res judicata* requires three factors: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009); *Board of Trustees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992).

In the instant case, Plaintiff is barred by *res judicata* from relitigating his claims against Defendants Doll and Strebig. First, Plaintiff's previous claims were subject to a final adjudication on the merits, and Plaintiff has not included any new claims in the instant action. In the previously-filed action, as to Defendant Doll, the court found that Plaintiff failed to state a claim against him with respect to any of the allegations set forth in Plaintiff's amended complaint. (*Okey*, Civ. No. 1:12-CV-00609 (Doc. 18 at 16-20).) In addition, the court determined that, because Plaintiff failed to state a

constitutional violation, a third amendment would be futile. (*Id*. at 19-20.) On appeal, the Third Circuit affirmed the court's decision as to Plaintiff's claims against Defendant Doll. *Okey*, No. 13-2016, Judgment, at 5-6.

Turning to Defendant Strebig, the court denied on the merits Plaintiff's claim for a failure to intervene and, therefore, granted the motion to dismiss. (*Okey*, Civ. No. 1:12-CV-00609 (Doc. 18 at 15-16).) Further, the court determined that, because Plaintiff failed to state a constitutional violation, a third amendment would be futile. (*Id*. at 16.) As to a failure to protect claim, instead of granting the motion to dismiss, the court afforded Plaintiff a final opportunity to state such a claim against Captain Strebig. (*Id*. at 14-15.) However, Plaintiff failed to file a third amendment. As a result, by order dated December 19, 2012, the court dismissed the failure to protect claim against Captain Strebig for failure to state a claim. (*See id*., Doc. 21.) Plaintiff appealed the court's decision, and the Third Circuit then decided the failure to protect claim on the merits. *See Okey*, No. 13-2016, Judgment, at 3-4.

As to the second factor, there is no question that Defendants Doll and Strebig were parties to the previous litigation. And third, from a careful review of both suits, the court concludes that Plaintiff is asserting the same claims against Defendants Doll

10

and Strebig as he did in his prior action.  Moreover, it does not appear that he is asserting new claims that could have been presented in that prior action.

Based on the court's review of both actions filed by Plaintiff, the court finds that the three factors have been met and, thus, *res judicata* operates to bar the instant action.  *See Williams v. Lehigh Cnty. Dep't of Corr.*, 19 F. Supp. 2d 409, 411-13 (E.D. Pa. 1998); *Guider v. Mauer*, Civ. No. 1:09-CV-1915, 2009 WL 4015568, at *1-2 (M.D. Pa. Nov. 19, 2009).  Defendants' motion to dismiss will be granted.  In addition, because of the decision based on *res judicata*, the court concludes that permitting further amendment would be futile.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated:  May 7, 2015.